UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 20-cv-00143-DEB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## I.   INTRODUCTION

Plaintiff Charles L. seeks review of the Commissioner of Social Security's denial of disability benefits. Dkt. No. 1. The parties filed Motions for Summary Judgment and Plaintiff filed a Reply. Dkt. Nos. 15, 17, 18. For the reasons set forth below, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

/ /

/ /

/ /

/ /

/ /

## II. PROCEDURAL BACKGROUND

On June 28, 2016, Plaintiff applied for disability insurance benefits and supplemental security income claiming disability beginning October 1, 2013. AR 17.[1] The Social Security Administration denied Plaintiff's claim on November 21, 2016, and on reconsideration on March 22, 2017. AR 134, 142. On May 16, 2017, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on October 18, 2018. AR 35, 148–49. On January 24, 2019, ALJ Howard K. Treblin issued a decision finding Plaintiff was not disabled. AR 17–27. On November 25, 2019, the Appeals Counsel denied Plaintiff's request for review. AR 1–5. On January 21, 2020, Plaintiff filed this case. Dkt. No. 1.

## III. SUMMARY OF THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 1, 2013. AR 19.

At step two, the ALJ found the following severe medically determinable impairments: diabetes mellitus, neuropathy, obesity, and pancreatitis.[2] AR 20. The ALJ further found Plaintiff's mental impairments (psychotic disorder, anxiety, and major depressive disorders) were not severe. *Id.*

---

[1]   "AR" refers to the Administrative Record lodged on April 10, 2020. Dkt. No. 11. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by the CM/ECF.

[2]   The ALJ listed Plaintiff's back pain as a severe impairment, but then concluded that it was not severe. AR 20. The Court presumes this inconsistency was a scrivener's error, and that the ALJ did not intend to list Plaintiff's back pain as severe.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 22.

At step four, the ALJ found Plaintiff can "lift and/or carry 50 pounds occasionally and 25 pounds frequently. [Plaintiff] can sit for 6 hours out of an 8-hour workday and stand and/or walk for 6 hours out of an 8-hour workday. [Plaintiff] can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. [Plaintiff] can occasionally balance, stoop, kneel, crouch and crawl. [Plaintiff] must avoid concentrated exposure to hazards, such as unprotected heights and moving machinery." AR 23. From this, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the requirements of his past work as a loan officer. AR 26. The ALJ, therefore, concluded that Plaintiff was not disabled and did not proceed to step five. AR 27.

## IV.   STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence and whether the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## V.   DISCUSSION

Plaintiff contends the ALJ committed four errors: (1) incorrectly determining that Plaintiff's mental impairments were not severe; (2) not considering the effects of Plaintiff's mental impairments on his ability to work; (3) excluding consultative examiner ("CE")

3

20-cv-00143-DEB

Dr. George Nicholson's limitations in the RFC; and (4) affording "little weight" to the opinion of Plaintiff's treating physician. Dkt. No. 15-1 at 3. The Court addresses each of these claimed errors in turn.

**A. Severe Impairments**

Plaintiff first challenges the ALJ's finding at step two that his mental impairments were not severe. Dkt. No. 15-1 at 12. The Court finds no error because the ALJ's finding is supported by substantial evidence, and the ALJ ultimately considered Plaintiff's mental impairments at step four.

At step two, the ALJ must identify a claimant's severe impairments. 20 C.F.R. § 404.1520(a)(4)(ii). "Step two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). It "is not meant to identify the impairments that should be taken into account when determining the RFC. . . . The RFC . . . *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id*. at 1048–49 (emphasis in original).

The ALJ's finding that Plaintiff's mental impairments are non-severe because they "cause no more than 'mild' limitation," AR 21, is supported by substantial evidence. The ALJ relied on Plaintiff's Function Report reflecting that he can prepare simple meals, do laundry, vacuum, use the computer, go to doctor appointments, and drive. AR 21, 253–55. The ALJ also heavily relied on Dr. Nicholson's psychiatric evaluation finding, at most, mild limitations of certain mental functioning. AR 20–21, 490–91. Finally, the ALJ relied on multiple doctors' assessments, which found that Plaintiff was more engaging after electroconvulsive therapy; his insight, judgment, perception, cognition, and thought content were within normal limits; he was cooperative; and his orientation was normal. AR 20–21, 534, 607, 702, 739. The ALJ's interpretation of the evidence was reasonable and the Court may not "second-guess it." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("It is true that [plaintiff's] testimony was somewhat equivocal about how regularly she was able to keep up with all of these activities, and the ALJ's interpretation of her

testimony may not be the only reasonable one. But it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it.").

Regardless, any error in finding Plaintiff's mental impairments non-severe at step two is harmless because the ALJ considered those impairments at step four. At step four, the ALJ extensively discussed all of Plaintiff's impairments and limitations (including those attributed to his mental health) in determining the RFC. Specifically, the ALJ considered Plaintiff's reports of having a short temper and poor memory and concentration, which affect his ability to retain or comprehend information and follow instructions. AR 23. The ALJ also took into account Dr. Nicholson's opinion that Plaintiff is limited in his ability to: "relate and interact with coworkers and the public; maintain concentration, attention, persistence or pace; accept instructions from supervisors and perform work activities without special or additional supervision. . . ." AR 25–26.[3] Further, the ALJ considered the "occasional instances of auditory hallucinations, passive suicide ideations, depressed, anxious and euthymic mood swings, decreased memory and attention as well as a disheveled appearance." AR 25. These are the symptoms and limitations associated with Plaintiff's mental impairments. *See* AR 251, 256–57, 585–86, 336–37, 363–68, 416, 486–491, 492–31, 628–31, 642, 675, 701–14.

Plaintiff cites *Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012) for the proposition that the ALJ erred by not considering Plaintiff's mild mental impairment limitations in the RFC. Dkt. No. 18 at 4. In *Hutton*, the ALJ determined at step two that the plaintiff had non-severe PTSD that caused some mild limitations. 491 F. App'x at 850. At step four, the ALJ found the plaintiff's PTSD claims were "in great doubt" and excluded even the mild

---

[3]   The ALJ incorrectly stated that "Dr. Nicholson opined that claimant had a mild limitation in the ability to understand, remember and carry out simple one or two-step job instructions." AR 25. Dr. Nicholson's assessment contains no such finding. AR 491 ("The claimant is able to understand, remember, and carry out simple one or two-step job instructions.").

limitations from the RFC. *Id*. The Ninth Circuit found that the ALJ's failure to include his own step two finding in the RFC was error. *Id*. at 851. *Hutton* is inapposite because the ALJ here considered Plaintiff's mental impairments in the RFC. The ALJ did so by analyzing and giving "great weight" to Dr. Nicholson's opinion. AR 25–26. *See, e.g.*, *Stubbs–Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony."). Additionally, the ALJ considered Plaintiff's own testimony about his mental limitations but found it "did not fully comport" with his "conservative treatment" and "strenuous activities of daily living." AR 24.

In sum, the ALJ properly supported his finding that Plaintiff's mental impairments were not severe, and any error was harmless because the ALJ considered all of Plaintiff's limitations in the RFC. AR 24–26. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (an ALJ's error in finding an impairment non-severe at step two was harmless when the ALJ considered limitations resulting from the impairment at step four); *Miner v. Berryhill*, 722 F. App'x 632, 633 (9th Cir. 2018) ("The ALJ's failure to list fibromyalgia as a severe impairment at step two is at most harmless error. . . . Even without considering [plaintiff's] fibromyalgia a severe impairment, the ALJ found that other of [plaintiff's] ailments constituted serious impairments, and consequently . . . moved on to the subsequent evaluation steps.").

**B. Opinion Evidence**

Plaintiff next challenges the ALJ's findings regarding Dr. Nicholson and Dr. Alexa Rabin's opinions. Dkt. No. 15-1 at 18–21. Specifically, Plaintiff argues: (1) the ALJ failed to include Dr. Nicholson's opinion that Plaintiff is "limited to simple one to two-step job instructions" in the RFC; and (2) the ALJ improperly gave little weight to Dr. Rabin's opinion that Plaintiff "will likely struggle to maintain full-time responsibilities such as employment due to the sporadic onset of his depressive symptoms and episodes." Dkt. No. 15-1 at 19, 21. The Court evaluates each argument in turn.

### i. Dr. Nicholson's Opinion

Plaintiff argues that the ALJ erred by not considering Dr. Nicholson's opinion that Plaintiff could only follow simple instructions in the RFC. Dkt. No. 15-1 at 18–19. Plaintiff's argument, however, misconstrues Dr. Nicholson's opinion, which states:

1. The claimant is able to understand, remember, and carry out simple one or two-step job instructions.

2. The claimant is able to do detailed and complex instructions.

3. The claimant's ability to relate and interact with coworkers and the public is mildly limited.

4. The claimant's ability to maintain concentration and attention, persistence and pace is mildly limited.

5. The claimant's ability to accept instruction from supervisors is mildly limited.

6. The claimant's ability to maintain regular attendance in the work place and perform work activities on a consistent basis is mildly limited.

7. The claimant's ability to perform activities without special or additional supervision is mildly limited.

AR 491.

Plaintiff claims that because Dr. Nicholson stated Plaintiff is able to *do* detailed and complex instructions, he necessarily found that Plaintiff is unable to understand, remember, and carry them out. Dkt. No. 18 at 6. Plaintiff argues that the ALJ should have incorporated this limitation in the RFC. Dkt. No. 15-1 at 19. Because Dr. Nicholson expressly stated when Plaintiff's abilities are limited (Nos. 3–7), Dr. Nicholson's opinion is better read as finding that Plaintiff can understand and perform both simple and complex instructions. Dr. Nicholson's consultative examination of Plaintiff also supports this interpretation: Plaintiff's thought process "was coherent and organized; Plaintiff appeared to be of average intelligence; he "was able to recall three items immediately and zero items after five minutes and two items with hints"; his "fund of knowledge was grossly intact"; he was "able to spell 'world' both forward and backward . . . perform serial threes . . . [and] follow

our conversation well"; and he "correctly stated that 80 cents would be received from a dollar if two oranges were bought at 10 cents each." AR 487, 489. Therefore, the ALJ's interpretation and adoption of Dr. Nicholson's opinion is reasonable. AR 25–26. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). The Court, therefore, concludes the ALJ properly considered Dr. Nicholson's opinion.

   *ii. Dr. Rabin's Opinion*

  Dr. Rabin was Plaintiff's treating physician from August 21, 2014 through August 7, 2015. AR 583–604. On March 18, 2015, Dr. Rabin opined that Plaintiff's "depression is chronic" and he "will likely struggle to maintain full-time responsibilities such as employment due to sporadic onset of his depressive symptoms." AR 340. The ALJ gave little weight to Dr. Rabin's opinion because it was "inconsistent with her own treatment notes . . . which shows the claimant was able to find part-time employment along with an ability to engage in extensive activities of daily living." AR 26. Plaintiff contends the ALJ erred by discounting Dr. Rabin's opinion because "Dr. Rabin's treatment record substantially supports her opinion." Dkt. Nos. 18 at 8; 15-1 at 20–21. The Court disagrees.

  Because the CE disagreed with Dr. Rabin's opinion, AR 491, the Court determines whether the ALJ provided "specific and legitimate reasons" for discounting Dr. Rabin's opinion that were "supported by substantial evidence." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating . . . doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

  The ALJ's reason for discrediting Dr. Rabin's opinion (inconsistency with treatment notes) is specific, legitimate, and supported by substantial evidence. Fourteen days before

Dr. Rabin's March 18, 2015 opinion that Plaintiff "will likely struggle to maintain full-time responsibilities such as employment," Plaintiff reported in a therapy session that he completed one job interview and six job applications. AR 340, 590. And on April 22, 2015, Plaintiff reported to Dr. Rabin that "he obtained employment." AR 589. Dr. Rabin's May 6, 2015 treatment note reports Plaintiff "is continuing to go to work, which helps decrease isolation [and] provide some sort of structure." AR 588. Plaintiff's employment continued past his last therapy session with Dr. Rabin on May 20, 2015. *See* AR 38, 584, 588. This inconsistency between Dr. Rabin's treatment notes and her opinion supports the ALJ's ruling. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009) (a contradiction between a treating physician's opinion and his progress notes constituted a specific and legitimate reason for rejecting the treating physician's opinion). Accordingly, the Court finds that the ALJ proffered a specific and legitimate reason supported by substantial evidence to discount Dr. Rabin's opinion.

## VI. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 15) and **GRANTS** Defendant's Cross-Motion for Summary Judgment (Dkt. No. 17). The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

Dated: March 8, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge